UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mercedes Alexander, | Case No. 24-CV-00083 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Halverson and Blaiser Group, Ltd., | |
| Defendant. | |

---

Timothy S. Anderson, Anderson Solutions, PLLC, Chaska, MN, for Plaintiff Mercedes Alexander.

Daniel Leitermann, Waldeck & Woodrow, P.A., Minneapolis, MN, for Defendant Halverson and Blaiser Group, Ltd.

---

This matter is before the Court on Defendant Halverson and Blaiser Group, Ltd.'s (Halverson) motion to dismiss (Doc. No. 30), Plaintiff Mercedes Alexander's Complaint (Doc. No. 1-1) or, in the alternative, her Amended Complaint (Doc. No. 27). For the reasons discussed below, the Court grants Halverson's motion.

**I.   THE OPERATIVE COMPLAINT**

Halverson seeks dismissal of Alexander's claims under Federal Rule of Civil Procedure 12(b)(6). However, before the Court can address this motion, it must first determine whether the Complaint or Amended Complaint is the operative pleading. Because the Amended Complaint was not timely filed, the Court concludes that the original Complaint is the pleading properly before the Court.

1

On January 11, 2024, Alexander filed the initial Complaint, in which she sued three credit-reporting agencies (CRAs), a debt-collection agency, and Halverson (a property-management company). (*See* Doc. No. 1-1 [hereinafter, "Compl."].) In the initial Complaint, Alexander asserted one claim against Halverson for breach of the Minnesota Consumer Fraud Act (MCFA), Minn. Stat. § 325F.69. (*Id.* ¶¶ 77–83.)

On February 20, 2024, Alexander and Halverson reached an agreement regarding Alexander's desire to amend her complaint. (Doc. No. 21 at 1–2.) They agreed that Alexander could amend the Complaint for one specific reason: to remedy certain fraud-pleading deficiencies brought to her attention by Halverson, as follows:

> After retaining counsel, Halverson reached out to [Alexander]'s counsel to request a more definite statement of the fraud claim against it, due to the heightened pleading standard under Fed. R. Civ. Proc. 9(b). Hoping to avoid any unnecessary motion practice, counsel for both parties agreed to allow for [Alexander] to amend her Complaint as to the claim against Halverson and for a period of two weeks for that amended Complaint to be answered.

(*Id.*) They further agreed that Alexander "shall have up to, and including, March 4, 2024, to amend its [sic] Complaint as to the claim or claims against Halverson . . . ." (*Id.* at 2.) The following day, the Magistrate Judge entered an order approving the stipulation and setting March 4, 2024, as the deadline for filing an amended complaint. (Doc. No. 22.)

Alexander did not file an amended complaint by March 4; she filed one on March 15. (Doc. No. 27 [hereinafter, "Am. Compl."].) By this time, the Court had dismissed the four other defendants pursuant to party stipulations brought under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and Halverson was the sole remaining defendant. (*See* Doc.

Nos. 26, 43.) In the Amended Complaint filed on March 15, 2024, Alexander did not merely provide additional detail as contemplated by the parties' stipulation. Instead, Alexander added four additional non-fraud claims against Halverson, greatly expanded the factual allegations, and appended nineteen exhibits. (*See id.*)

Halverson argues that the Amended Complaint should be stricken and that the original Complaint should be viewed as the operative pleading because the Amended Complaint is both untimely and, in substance, it goes beyond the scope of the parties' stipulation (i.e., it goes beyond addressing the Rule 9(b) deficiencies in the MCFA claim). (Doc. No. 36 at 4–5, 14–15.) The Court concludes that Alexander did not timely file the Amended Complaint and strikes that pleading. Therefore, the Court need not address whether the Amended Complaint should also be stricken on the grounds that it exceeds the specific scope of the parties' stipulation.

Under the Federal Rules of Civil Procedure, a party may amend its pleading as a matter of course either twenty-one days after service of its original pleading, or twenty-one days after service of an opponent's responsive pleading. Fed. R. Civ. P. 15(a)(1). Outside of that time, a party may amend their pleading *only* with the Court's leave or with their opponent's written consent. *See* Fed. R. Civ. P. 15(a)(2). In the Eighth Circuit, "[f]iling an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quotation omitted); *see also Roers v. Bank of Am., N.A.*, No. 23-CV-271 (PJS/ECW), 2024 WL 1618362, at *5 (D. Minn. Apr. 15, 2024) (striking self-represented party's amended complaint, which "was filed without leave of the Court and introduce[d]

3

new theories of liability," as untimely and not permitted under Federal Rule of Civil Procedure 15(a) or Local Rules). In this case, Alexander did not file the Amended Complaint by the stipulated deadline. As a result, the Court must regard the Amended Complaint as "a nullity." *Morgan Distrib.*, 868 F.2d at 995. Nothing prevents Alexander from filing a motion to amend the complaint in the future that complies with the Federal Rules of Civil Procedure and the Local Rules of this District.

Alexander does not dispute that the Amended Complaint was untimely filed, but argues that missing the filing deadline should be excused for three reasons: (1) in settlement negotiations with the now-dismissed co-defendants, counsel learned information relating to the new theories of liability; (2) counsel experienced a family health emergency shortly after the stipulation was filed; and (3) a housing caseworker from Dakota County—with whom counsel had been trying to speak since early February—finally called him on March 7 and provided new information. (Doc. No. 44 at 18–20.) The Court is not persuaded by any of these reasons, because even if all were true,[1] none of these occurrences individually or taken together can vitiate the clear terms of the parties' agreement regarding the timeline for and scope of an amended pleading. Additionally, nothing prevented Alexander from asking the Court for additional time to amend the complaint to add new claims if Halverson declined to agree. Further, regarding his contact

---

[1] None of reasons are supported with a declaration or otherwise.

with the Dakota County caseworker, the fact that this witness called counsel *after* the agreed-upon filing deadline cannot excuse missing the deadline.

## II. MOTION TO DISMISS

The Court grants Halverson's Motion to Dismiss the initial Complaint. As noted above, Alexander asserted one claim against Halverson in the original Complaint: a violation of the MCFA, Minn. Stat. § 325F.69, which prohibits "any person," including business entities, from "act[ing], us[ing], or employ[ing]" "any fraud, unfair or unconscionable practice, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise . . . ." Minn. Stat. § 325F.69, subd. 1; *see also id.* § 325F.68, subd. 3 (defining "person").

In light of the stipulated dismissal of the federal statutory claims that had been brought against Halverson's now-dismissed co-defendants, the Court must determine whether to exercise pendent jurisdiction over the single state law claim against Halverson. *See* 28 U.S.C. § 1367(c)(3). Generally, it is "normal practice . . . to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish." *Marianist Province of U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019). This is because "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, the factors of convenience and fairness are neutral. However, the interests of comity and judicial economy favor withholding the exercise of pendent jurisdiction over Alexander's MCFA claim. From a comity perspective, a state court is better suited to analyze an MCFA claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Further, because the case is still in the pleading stage, no judicial economy is lost by its dismissal; to the contrary, judicial economy would be gained by its dismissal. *Cf. Grain Land Coop v. Kar Kim Farms, Inc.*, 199 F.3d 983, 988–96 (8th Cir. 1999) (affirming district court's decision to retain pendent jurisdiction over case in which it had already invested "considerable resources"). The Court declines to exercise its pendent jurisdiction over the MCFA claim.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Mercedes Alexander's Amended Complaint (Doc. No. 27) is DISMISSED as untimely;

2. Defendant Halverson and Blaiser Group, Ltd.'s (Halverson) motion to dismiss (Doc. No. 30) is GRANTED; and

3. Plaintiff Mercedes Alexander's Complaint (Doc. No. 1-1) is DISMISSED in its entirety, WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 22, 2024

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court